# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KARI CRUTCHER, | |
| *Plaintiff*, | |
| v. | C.A. No. 23-CV-01261-CFC |
| FIRST GUARANTY MORTGAGE CORPORATION, et al., | |
| *Defendants*. | |

## RELATOR'S SUR-SUR-REPLY IN FURTHER SUPPORT OF HER MOTION FOR LEAVE TO FILE A REVISED AMENDED COMPLAINT

Relator files this sur-sur-reply to correct legal misstatements in the PIMCO Defendants' Sur-Reply. Namely, that "the statute of limitations is six years from the date of the alleged false statement[.]" at 2.[1] This statement is legally incorrect as the statute of limitations runs from the date of the alleged false claim. While the false statement and false claim are often contemporaneous, and so the distinction is immaterial, that is not true here when the alleged false claims are for Federal Housing Administration (FHA) insurance. The alleged false statements are at the time the insurance is obtained. However, fraudulently obtaining insurance is not a

---

[1] The Sur-Reply further muddles the issue stating that the 10-year statute of limitations runs from the "date of the alleged violation" at 4, without making clear that the violation of the False Claims Act does not occur until the submission of the false claim.

claim under the False Claims Act. *United States v. McNinch*, 356 U.S. 595, 598 (1958). The Supreme Court explicitly held that "a lending institution's application for credit insurance under the FHA program is not a "claim" as that term is used in the False Claims Act." *Id.* Instead, the statute of limitations under the False Claims Act does not begin to run until the False Claims Act liability accrues when a claim is submitted. For FHA insurance, the claim is often submitted years after the FHA insurance is fraudulently obtained.[2] Therefore, whether the Court holds the six year or ten-year statute of limitations applies, the Court should make clear that the statute of limitations only limits claims, rather than statements, outside of the statute of limitations period.

| | |
|---|---|
| Dated: May 28, 2024 | **BAYARD, P.A.** |
| OF COUNSEL: | */s/ Emily L. Skaug* |
| J. Nelson Thomas, Esq.<br>Jonathan W. Ferris, Esq.<br>**THOMAS & SOLOMON PLLC**<br>693 East Avenue<br>Rochester, New York 14607<br>(585) 272-0540<br>nthomas@theemploymentattorneys.com<br>jferris@theemploymentattorneys.com | Stephen B. Brauerman (No. 4952)<br>Ericka F. Johnson (No. 5024)<br>Emily L. Skaug (No. 6921)<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>ejohnson@bayardlaw.com<br>eskaug@bayardlaw.com |
| | *Counsel for Kari Crutcher* |

---

[2] While not a fact before the Court on the instant motion, counsel understands all claims were submitted after 2016 and all but 6 claims were submitted after 2018 – i.e., all or almost all within the six years of any amended complaint.