**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KARI CRUTCHER, <br><br> Plaintiff, <br><br> v. <br><br> FIRST GUARANTY MORTGAGE CORPORATION, PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO INVESTMENTS LLC, and ANDREW PETERS, <br><br> Defendants. | Civil Action No.: 23-cv-01261-CFC |

**THE BRAVO FUNDS' AND ANDREW PETERS'
MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Pursuant to Federal Rule of Civil Procedure 41(b) and District of Delaware

Local Rule 41.1, B2 FIE IV LLC, B2 FIE Trust, FIE IV Holdco LLC, and PIMCO

BRAVO Fund II, L.P. (the "Bravo Funds")[1] and Andrew Peters, respectfully move

to dismiss this proceeding in its entirety, with prejudice, for lack of prosecution.

The grounds for this motion are as follows.

---

[1] The Bravo Funds enter this limited appearance solely to move to dismiss this proceeding based on Relator's failure to prosecute. The Bravo Funds have not been served with a complaint in this matter, and nothing in this motion should be construed as a waiver of any right to object to service, or to assert any other defenses if they are served.

## I.   Background

1.   Relator Kari Crutcher worked remotely as a loan underwriter for First Guaranty Mortgage Corporation ("FGMC") for approximately 45 days during the period from September 2014 to November 2014. D.I. 155 at 1. She commenced this action on October 13, 2016—nearly a decade ago. D.I. 155 at 1.

2.   Relator generally alleges that FGMC underwrote government insured mortgages that were riskier than allowed by the United States Department of Housing and Urban Development's Federal Housing Administration.

3.   Six years after filing her initial complaint, on June 29, 2022 (the eve of FGMC's bankruptcy filing), Relator amended her complaint to add Pacific Investment Management Company LLC and PIMCO Investments LLC (together, the "PIMCO Defendants") as defendants. D.I. 155 at 2. Relator named the PIMCO Defendants without bothering to include a single factual allegation against them. D.I. 19.

4.   Andrew Peters, FGMC's former Chief Executive Officer from the period March 2011 through March 2018, was not named as a party defendant.

5.   Unsurprisingly, a few weeks later, on August 17, 2022, the United States declined to intervene in this case after investigating Relator's allegations. D.I. 28.

6.   On November 2, 2022, the Bankruptcy Court issued an order

confirming FGMC's plan of reorganization (the "Confirmation Order"). *In re First Guaranty Mortgage Corporation, et al.*, No. 22-10584, D.I. 671 (Bankr. D. Del. Nov. 2, 2022). The Confirmation Order, among other things, released any claims FGMC had against PIMCO and enjoined Relator from asserting any derivative or other claims belonging to FGMC against PIMCO. D.I. 155 at 1.

7.    Over the next two years, Relator made repeated (at least seven), unsuccessful attempts to amend her complaint.

8.    Most recently, Relator sought leave to file her third proposed Third Amended Complaint ("TAC"), D.I. 133-8, over two years ago on February 12, 2024. At that time, the Second Supplemental Second Amended Complaint ("SSAC"), D.I. 94, was the operative complaint.

9.    The proposed TAC sought to also include claims against Andrew Peters, FGMC's former CEO, and against the Bravo Funds. The Bravo Funds are investment funds (or affiliates thereof) for which one of the PIMCO Defendants acts or has acted as an investment manager. D.I. 133-8. The proposed TAC generally alleged that the Bravo Funds bought and gained control over FGMC in September 2015—nearly a year after Relator stopped working there—and that somehow they knowingly assisted FGMC in submitting false claims even though this alleged scheme existed far before the Bravo Funds "controlled" FGMC. D.I. 133-8 ¶¶ 7-19, 194.

3

10. On February 26, 2026, more than 90 days ago, this Court dismissed the SSAC and denied Relator's motion for leave to file the TAC as to the PIMCO Defendants, but granted leave as to Mr. Peters and the Bravo Funds for procedural reasons (the "Order"). D.I. 155. Specifically, the Order had four main outcomes:

i. The Court dismissed the SSAC because the Confirmation Order barred those claims and Relator had also moved to dismiss on that basis. D.I. 155 at 8.

ii. The Court denied leave to amend as to the PIMCO Defendants as futile because Relator had not sufficiently alleged that the PIMCO Defendants were "directly involved" in the alleged FCA violations. D.I. 155 at 18-19.

iii. The Court recognized that the Bravo Funds appeared to be affiliates of the PIMCO Defendants, therefore implying the same futility concerns as to them applied to the Bravo Funds. Although the Court granted leave as to the Bravo Funds, it did so only because no counsel had appeared on their behalf and the Court declined to evaluate rights and defenses in their absence. D.I. 155 at 8.

iv. The Court also granted leave as to Mr. Peters, solely because he did not oppose Relator's motion for leave D.I. 155 at 8.[2]

11. More than three months have elapsed since the Order (95 days as of this motion), yet Relator has neither filed the TAC nor served Mr. Peters or the Bravo

---

[2] The undersigned counsel for Mr. Peters note that this was an oversight and should not be construed as acquiescence.

Funds.

12.    Because the SSAC was dismissed and Relator has not filed the TAC, there is currently no operative complaint.

## II.    The Court should dismiss this action due to Relator's failure to prosecute.

13.    Federal Rule of Civil Procedure 41(b) authorizes dismissal of an action for failure to prosecute or to comply with court orders and rules. *See* Fed. R. Civ. P. 41(b). Local Rule 41.1 likewise provides that "in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its motion or upon application of any party, and after reasonable notice and opportunity to be heard, enter an order dismissing such case unless good reason for the inaction is given." *Wallace v. Kolawole*, No. CV 19-870-CFC, 2022 WL 611053, at *2 (D. Del. Jan. 18, 2022) (Connolly, C.J.) (quoting D. Del. LR 41.1.).

14.    Because more than three months have passed since the Court issued its Order granting Relator leave to file the TAC, and Relator has not pushed forward with those claims by either filing the TAC or serving it on either Mr. Peters or the Bravo Funds, the Court should dismiss this action in its entirety with prejudice.

15.    When determining whether to dismiss an action for failure to prosecute under these two rules, district courts in this Circuit apply the six-factor balancing test set out in *Poulis v. State Farm Fire and Cas. Co.*:

(1) the extent of the party's personal responsibility; (2) the prejudice to

5

the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984). Not all six factors need to be present to dismiss an action with prejudice. *Wallace*, 2022 WL 611053, at \*2.

16.    Here, all six factors weigh significantly in favor of dismissal with prejudice.

17.    *First*, Relator's failure to prosecute this action despite her personal responsibility to do so, weighs in favor of dismissal. Relator already had a drafted proposed TAC; she needed only to revise it to omit the PIMCO Defendants, file it, and serve Mr. Peters and the Bravo Funds. Yet more than 90 days after the Order, Relator has done nothing. This factor is often applied to dismiss cases brought by *pro se* litigants, and is even more compelling where, as here, Relator is represented by counsel. Dismissal is especially appropriate here, where this Court has found that Relator has a "penchant for 'moving the goals posts'" in this case. D.I. 155 at 9; *see also Bransford v. Cnty. of Chester*, No. CV 12-4184, 2016 WL 4011328, at \*2 (E.D. Pa. July 27, 2016) ("Although Plaintiffs were represented by counsel at the time, the responsibility for failing to move this case forward rests with Plaintiffs.").

18.    *Second*, Relator's continued inaction has caused significant prejudice to Mr. Peters and the Bravo Funds, which weighs in favor of dismissal. Relator's

inaction leaves Mr. Peters and the Bravo Funds facing an unserved, unfounded complaint and no clarity as to when (if ever) Relator intends to proceed. This is particularly egregious in light of the fact that Mr. Peters' tenure as CEO concluded some four years pre-bankruptcy in March 2018, and that the Bravo Funds' position in FGMC, by virtue of FGMC's bankruptcy, is long over. In the absence of a dismissal, Mr. Peters and the Bravo Funds would be left to wait and see if Relator decides to prosecute the matter while incurring, among other things, monitoring costs, the costs of bringing this motion, and the inability to fully close the books, so to speak, on the Bravo Funds' investment with FGMC, which, as the Court has recognized, post-dated Relator's brief employment with the company. D.I. 155 at 18. Enough is enough. *Therien v. US Coachways, Inc.*, No. CV 24-7549, at *2, 2026 WL 91624 (D.N.J. Jan. 13, 2026) ("subjecting Defendants to an indefinite delay in reaching the merits of this matter" is prejudice sufficient to warrant dismissal); *Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 405 (D.N.J. 2007) ("this case has been at a virtual stand still for over four months which has prejudiced Defendants"); *Lane v. Hundley*, 319 F.R.D. 478, 479 (D. Del. 2017) (holding Plaintiff's failure to take any action prejudiced defendant by "imped[ing] [its] ability to prepare a trial strategy or otherwise resolve the dispute").

19.    *Third*, Relator's history of dilatoriness also weighs in favor of dismissal here. This case has remained at the pleadings stage for a decade amid Relator's

repeated failed amendment attempts, and Relator still has not filed the TAC, which the Court permitted on February 26, 2026. This pattern of dilatoriness warrants dismissal. *Black v. Pa. Bd. of Prob. & Parole*, 717 Fed. Appx. 103, 104-05 (3d Cir. 2017) (failure to file amended complaint, despite requesting and being granted leave to do so, showed dilatoriness and willfulness weighing in favor of dismissal).

20.    *Fourth*, Relator's failure to file and serve the TAC—despite being granted leave to do so—is, at minimum, willful, and weighs in favor of dismissal. After the Court permitted Relator to proceed against Mr. Peters and the Bravo Funds, Relator took no action: she neither filed the TAC nor served it. That silence is especially telling in light of the Court's Order identifying deficiencies in Relator's allegations, and indication that these deficiencies apply to the Bravo Funds. And Relator has offered no "good reason" for the delay. These facts support, at the very least, a finding of willfulness. *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) (willfulness and bad faith may be inferred from an "[a]bsence of reasonable excuses" for repeated failures to participate); *Black*, 717 Fed. Appx. at 104-05 (plaintiff's "failure to file an amended complaint shows not only dilatoriness but willfulness" where he requested leave to amend and the Court granted the request). Bad faith can also be inferred where, as here, "the plaintiff's dilatoriness all-but makes a case screech to a stop, with the prospect of liability for the defendant hanging in the air, but with no sense of when the case might get re-started and press

8

on to resolution," *Russo v. Gov't Emps. Ins. Co.*, 345 F.R.D. 65, 78 (D.N.J. 2023).

21.  *Fifth*, dismissal with prejudice is the only effective remedy. Monetary sanctions would not cure the prejudice to Mr. Peters or the Bravo Funds, who remain in an indefinite "wait-and-see" posture, incurring ongoing costs under the continuing threat of litigation, with no clarity on timing. *Bransford*, 2016 WL 4011328, at *2 ("While the Court could charge Plaintiffs for the costs incurred by Defendants due to the delay, this would not cure any prejudice to Defendants for failure to move forward with this case.").

22.  *Sixth*, this Court's Order underscored the deficiencies in Relator's claims, making this factor weigh strongly in favor of dismissal. In denying leave to file the TAC as to the PIMCO Funds, the Court indicated that the same reasons these claims failed as to PIMCO—that Relator failed to allege plausible facts that the PIMCO Defendants "knowingly assisted" FGMC's alleged FCA Violations—likely applied to the Bravo Funds. D.I. 155 at 8, 18. Indeed, the TAC fails to allege that the Bravo Funds took any action in the scheme to cause submissions of false claims with particularity. *See generally* D.I. 133-8. And as the Court observed with the PIMCO Defendants, FGMC's alleged scheme began years before the Bravo Funds allegedly controlled FGMC, as is made clear by the fact that the proposed TAC includes "hundreds of paragraphs of allegations about FGMC's fraudulent practices, yet never once mentioned anything allegedly done by [the Bravo Funds]." D.I. 155 at

18. Nor have Plaintiffs been able to specifically attribute their allegations to Mr. Peters personally.

### III.    Conclusion

23.    In sum, the *Poulis* factors weigh significantly in favor of dismissal of this action with prejudice, particularly given Relator's inexcusable record of continuously moving the goal posts for the defendants and her utter failure to prosecute her claims since the Court's Order.

WHEREFORE, the Bravo Funds and Mr. Peters respectfully request that the Court dismiss this action with prejudice.

*[Signature Page Follows]*

Dated: June 1, 2026

Respectfully submitted,

*/s/ Robert J. Stearn, Jr.*

Mark W. Pearlstein
Asseret Frausto
MCDERMOTT WILL & SCHULTE LLP
200 Clarendon Street, 58th Floor
Boston, MA 02116
(617) 535-4000
mpearlstein@mcdermottlaw.com
afrausto@mcdermottlaw.com

Robert J. Stearn, Jr. (No. 2915)
Zachary J. Javorsky (No. 7069)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
302-651-7700
stearn@rlf.com
javorsky@rlf.com

*Counsel for the Bravo Funds*

**SULLIVAN NIMEROFF BROWN HILL LLC**

*/s/ E.E. Allinson III*
Elihu E. Allinson, III (No. 3476)
919 North Market Street, Suite 420
Wilmington, DE  19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: zallinson@snbhlaw.com

and

Michael Ruggio
**FBT Gibbons**
20 F Street NW, Suite 850
Washington, D.C. 20001
Tel: 202.292.4178
Email: mruggio@fbtgibbons.com

*Counsel to Defendant Andrew Peters*

11

**<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify that the foregoing motion complies with the length, type, and font limitations set forth in Judge Connolly's Standing Order Regarding Briefing in All Cases (Nov. 10, 2022) and the Delaware Local Rules because it is prepared in 14- point Times New Roman typeface and contains 2,210 words out of a permitted 5,000, as determined by the word count function of the word-processing program used to prepare this filing, excluding the parts of the filing exempted by Delaware Local Rules.

Dated: June 1, 2026

*/s/ Zachary J. Javorsky*
Zachary J. Javorsky (No. 7069)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KARI CRUTCHER,<br><br>Plaintiff,<br><br>v.<br><br>FIRST GUARANTY MORTGAGE CORPORATION, PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO INVESTMENTS LLC, and ANDREW PETERS,<br><br>Defendants. | Civil Action No.: 23-cv-01261-CFC |

## **[PROPOSED] ORDER GRANTING MOTION**

IT IS HEREBY ORDERED on this __ day of_____, 2026, that the Bravo Funds' and Andrew Peters' motion to dismiss for failure to prosecute is **GRANTED**.

Date: _____          _____
                                                   Chief United States District Judge