IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA
*ex rel.* KARI CRUTCHER,

                                Plaintiff,

        v.                                          Civil Action No. 23-1261-CFC

FIRST GUARANTY MORTGAGE
CORPORATION, ANDREW
PETERS, B2 FIE IV LLC, B2 FIE
Trust, FIE IV Holdco LLC, PIMCO
BRAVO Fund II, L.P.,

                                Defendants.

---

**MEMORANDUM ORDER**

This *qui tam* action was commenced in 2016 and for various reasons has yet

to proceed beyond the pleading stage. On February 12, 2024, relator Kari Crutcher

filed an Amended Motion for Leave to File a Revised Amended Complaint

Pursuant to Rule 15(a) (the "Motion for Leave"). (D.I. 133). By Memorandum

Order dated February 26, 2026, I dismissed the then-operative pleading, denied the

Motion for Leave as to certain defendants (resulting in their dismissal from the

case) and otherwise granted it. That ruling permitted Crutcher to file a Third

Amended Complaint that, among other things, would assert claims against new

defendants who call themselves the Bravo Funds. Although permitted to do so, Crutcher did not file the Third Amended Complaint.

On June 1, 2026, counsel for the Bravo Funds (which to this point had not been sued and were not parties) entered a "limited appearance" and, jointly with defendant Andrew Peters, filed a Motion to Dismiss for Failure to Prosecute (the "Motion"). The Bravo Funds and Peters argued that the case should be dismissed under Federal Rule of Civil Procedure 41(b) and Local Rule 41.1 because for more than 90 days Crutcher had failed to file the Third Amended Complaint. Crutcher then filed the Third Amended Complaint and an answering brief asserting that the delay in filing the Third Amended Complaint had resulted from an administrative error by Crutcher's counsel. (D.I. 160, 161) Peters and the Bravo Funds filed a reply brief. (D.I. 166)

For the reasons below, I deny the Motion.

To begin, at the time the Bravo Funds filed the Motion, no complaint had been filed naming them as defendants or asserting claims against them. They were not yet parties. The Bravo Funds cite no case in which Rule 41(b) or Local Rule 41.1 was applied at the request of a not-yet-party claiming that the plaintiff had not sued it fast enough, and they offer no reason to extend those rules to such a situation. By itself, that is sufficient ground to deny the Motion as it relates to the Bravo Funds.

2

In all events, as it relates to Peters (and even assuming the Bravo Funds had standing to bring a motion under Rule 41(b) and Local Rule 41.1 in these circumstances), I deny the Motion based on the six-factor balancing test set forth by the Third Circuit in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Those six factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.*

Peters and the Bravo Funds have not demonstrated that any of these six factors favors dismissal. They offered no evidence that Crutcher bears personal responsibility for any delay in filing the Third Amended Complaint; they identified no failure to meet scheduling orders or respond to discovery[1]; although this case has been pending for years, they identified no missed deadlines; they offered no evidence that Crutcher or her counsel acted willfully or in bad faith; a less drastic sanction, such as the imposition of a deadline for filing the Third Amended Complaint, was readily available but is now moot; Peters conceded the sufficiency

---

[1] To the extent Peters and the Bravo Funds complain that they were prejudiced by not knowing when, if ever, Crutcher would file the Third Amended Complaint, surely that could have been avoided by a phone call.

3

of the pleading against him by answering a prior version of the complaint and the Court has no basis yet to evaluate the strength or weakness of the claims against the Bravo Funds, which have not yet responded to them.

NOW, THEREFORE, the Bravo Funds' and Andrew Peters's Motion to Dismiss for Failure to Prosecute (D.I. 159) is DENIED.

_____
CHIEF JUDGE

4